# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                             Crim. No. 18-222 MV

JULIAN MADRID-QUEZADA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the government's Response to this Court's July 23, 2019 Memorandum Opinion and Order Granting In Part and Denying In Part Defendant's Motion to Suppress, and Motion for an Order. Doc. 62. Defendant filed a timely Reply. Doc. 63. The government's Response requests that this Court issue an order (1) finding that Defendant's alien file ("A-File") is not subject to suppression, and (2) clarifying whether Defendant's fingerprints are subject to suppression. Having reviewed the briefs, exhibits, testimony, and relevant law, for the reasons set forth below, the Court **HEREBY ORDERS** that Defendant's A-File and fingerprints are subject to suppression.

## PROCEDURAL BACKGROUND

On January 23, 2018, Mr. Madrid-Quezada was charged in a single-count Indictment with Reentry of a Removed Alien, in violation of 8 U.S.C. §§ 1326(a) and (b). Doc. 27. On November 1, 2018, Mr. Madrid-Quezada filed a Motion to Suppress, arguing that his oral and written statements, as well as the contents of his A-File, should be suppressed because they were made after an illegal arrest and without proper advisement of his *Miranda* rights. Doc. 45. Mr. Madrid-Quezada additionally argued that statements he made during an administrative encounter in 2000

should be suppressed because he was neither given *Miranda* warnings nor advised of the criminal implications of his statements at the time the statements were made. Doc. 45 ¶ 12. The government responded that Mr. Madrid-Quezada was not entitled to the suppression of any evidence because his rights were not violated in the 2000 administrative encounter, nor were they violated in the 2017 administrative encounter or criminal custodial interview. Doc. 46 at 6.

The Court held an evidentiary hearing on May 8, 2019, during which it heard testimony from Immigration and Customs Enforcement (ICE) Deportation Officer (DO) Dean King and from Mr. Madrid-Quezada. The Court took the Motion under advisement. On July 23, 2019, the Court issued a Memorandum Opinion and Order granting Mr. Madrid-Quezada's Motion to suppress in part. Doc. 61. Specifically, the Court denied Mr. Madrid-Quezada's motion as it pertained to statements he made during the 2000 administrative encounter [*id*. at 19-21], granted the motion as it pertained to statements he made during the 2017 encounter [*id*. at 26-28], and granted the motion as it pertained to the contents of Mr. Madrid-Quezada's A-File "unless the government can offer proof that the A-File was obtained before the illegal arrest" [*id*. at 26].

The government filed a Response on July 30, 2019, with exhibits purporting to demonstrate that the A-File was "obtained" prior to the February 16, 2017 arrest. *See* Doc. 62, Ex. 1-3. Specifically, the government submitted the following documents: an affidavit from DO King stating that he instructed an employee to request the A-File on or about August 23, 2016, and that he received the A-File on or about August 29, 2016 [Ex. 1]; a copy of the email requesting the A-file that was sent on August 23, 2016 [Ex. 2]; and a printout from the Citizenship and Immigration Services database showing that the A-file was received in the Albuquerque Field Office on August 29, 2016 [Ex. 3]. On the basis of these exhibits, the government asks the Court to issue an order "(1) finding that Defendant's alien file is not subject to suppression because it was obtained prior

to the arrest at issue in this case, and (2) clarifying whether Defendant's fingerprints obtained following his arrest, which would have been obtained even if Defendant had not been presented for criminal prosecution, are subject to the Court's suppression order." *Id*. at 2.

Mr. Madrid-Quezada filed a Reply to the Government's Response, asking the Court to suppress his fingerprints and thereby establish the suppression of his A-File. Doc. 63 at 6. Mr. Madrid-Quezada argues that in order for the government to prove that the A-File was "obtained" prior to the arrest, the government would have to show that the A-File was "matched" or "paired" with Mr. Madrid-Quezada prior to the arrest, not merely that the arresting officer had custody of the A-File. *See generally id*.

## DISCUSSION

In its July 23, 2019 Memorandum Opinion and Order, this Court found that Mr. Madrid-Quezada's 2017 arrest was illegal because "the evidence established that the administrative warrant was employed as an instrument of criminal law enforcement, used to circumvent the criminal process's legal restrictions." Doc. 61 at 25. The Court hereby incorporates by reference its reasoning and conclusions from its July 23, 2019 Memorandum Opinion and Order concerning the illegality of the arrest.

Having concluded that the arrest was illegal, the Court next ruled that identity information obtained from that unconstitutional arrest should be suppressed. Doc. 61 at 25-26. The Court based this ruling on its examination of *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032 (1984) and subsequent circuit court cases interpreting *Lopez-Mendoza*. Doc. 61 at 17-19. The Court hereby incorporates by reference its reasoning and conclusions from its July 23, 2019 Memorandum Opinion and Order regarding the suppression of identity-related evidence. After concluding that identity-related

evidence obtained from the unconstitutional arrest of Mr. Madrid-Quezada should be suppressed, the Court considered the A-File specifically:

> With respect to the A-File, DO King could not recall whether it was requested and obtained upon receiving the Lead Referral or after the arrest. He merely speculated that he believed he had it before the arrest. Given that DO King could not testify conclusively when the A-File was obtained, and importantly whether the A-File was obtained before Mr. Quezada-Madrid's illegal arrest, it is unclear whether the A-File would constitute poisonous fruit of the illegal arrest. *See Olivares-Rangel*, 458 F.3d at 1119. Accordingly, the Court will suppress Mr. Madrid-Quezada's A-File unless the government can offer proof that the A-File was obtained before the illegal arrest.

Doc. 61 at 26. The government in its Response has provided documentation to show that the A-File was in DO King's custody prior to the arrest. Doc. 62 Ex. 1-3. The Court agrees with the argument put forth by Mr. Madrid-Quezada in his Reply [Doc. 63] that the mere fact that the A-File was in DO King's custody prior to the arrest did not mean that he had meaningfully "obtained" the A-File prior to the arrest, because the A-File had not yet been "matched" or "paired" with Mr. Madrid-Quezada.

In *United States v. Olivares-Rangel*, the Tenth Circuit held that "if an illegal arrest was purposefully exploited for the objective of obtaining fingerprints, then the fingerprint evidence must be suppressed." 458 F.3d 1104, 1115 (10th Cir. 2006). The Tenth Circuit further explained:

> Accordingly, in determining whether the fingerprint evidence in this case should be suppressed, we must determine the original purpose for arresting and later fingerprinting Defendant; that is, was Defendant fingerprinted merely as part of a routine booking or processing procedure or was the illegal arrest in part for the purpose of obtaining unauthorized fingerprints so Defendant could be connected to additional illegal activity.

*Id*. at 1116. The *Olivares-Rangel* Court then examined the issue of whether a defendant's A-File should also be suppressed when the defendant's fingerprints were illegally obtained for the purpose of connecting the defendant to his A-file and potentially charging him with a crime. *Id*. at 1119. The Court concluded that if, at the time of the illegal arrest, the A-file was not yet linked to the

defendant, then the government agents still did not "effectively" have the A-file "in their grasp," even if they already had A-file in their possession. *Id.* at 1120. "Instead, the practicality of the situation is that they **obtained** Defendant's A-file only by first taking his fingerprints." *Id.* (emphasis added). In such a situation, the A-file should also be suppressed as fruit of the poisonous tree. *Id.* at 1121.

In light of this definition of "obtained," it is evident that DO King did not "obtain" Mr. Quezada-Madrid's A-file prior to unlawfully arresting him. Rather, it was only after Mr. Quezada-Madrid's arrest that DO King was able to obtain the necessary identity information to link Mr. Quezada-Madrid with his A-File. The Court hereby supplements its findings to include the following: during the evidentiary hearing on May 8, 2019, DO King testified that if he "would have known all the facts up front, [he] would have obtained a criminal arrest warrant. But in this case, [he] just didn't have time to prep all that…" Hearing Transcript (Tr.)[1] at 68:8-11. The Court asked if the only additional step DO King would have needed to take was to verify that Mr. Quezada-Madrid lived at the residence listed in the Lead Referral. *Id.* at 68:17-20. DO King responded, "Yeah, that he was District of New Mexico. He'd been here for X amount of months or years. One of the things that we do is we make sure that, you know, the person is the same person who was prior removed. We do that by biometric fingerprint comparisons, automated systems. We do a lot of verification before we even bother the courts with a criminal arrest warrant." *Id.* at 68:21-69:1.

This Court has already laid out its findings that the administrative warrant was used as a pretext to gather evidence of criminal activity and that DO King exploited the administrative process in order to achieve criminal prosecution. *See* Doc. 61 at 22-25. The Court additionally

---

[1] References to the Transcript are to the Draft copy.

finds that in order to achieve criminal prosecution, one of DO King's purposes in making the unlawful arrest was to obtain fingerprints linking Mr. Madrid-Quezada to his A-file. Therefore, the fingerprints and the A-file are both fruits of the poisonous tree, and suppression is required.

## CONCLUSION

For the foregoing reasons, the Court **HEREBY ORDERS** that Defendant's A-File and fingerprints are suppressed.

Dated this 30th day of October, 2019.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Alejandro Fernandez                          Jason Wisecup
*Attorney for Mr. Madrid-Quezada*            *Assistant United States Attorney*